UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-23356-CV-WILLIAMS

JOSEPH LINDON POLLARD,

    Petitioner,

v.

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, *et al.*,

    Respondents.
_____/

## ORDER

**THIS MATTER** is before the Court on Petitioner Joseph Lindon Pollard's "Application to Proceed in District Court Without Prepaying Fees or Costs," docketed by the Clerk on February 7, 2023 as a motion to proceed *in forma pauperis*, which the Court construes as a third motion to proceed *in forma pauperis* on appeal ("***Third IFP Motion***"). (DE 43.) On August 12, 2020, Petitioner initiated the above-captioned case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("***Section 2241 Petition***"). (DE 1.) On August 19, 2020, U.S. Magistrate Judge Lisette M. Reid issued a report and recommendation ("***Report***"), recommending that the Court dismiss the Section 2241 Petition for lack of jurisdiction and decline to issue a certificate of appealability. (DE 4.) On September 9, 2020, the Court entered an order affirming and adopting the Report, denying the Section 2241 Petition, and declining to issue a certificate of appealability ("***Order of Dismissal***"). (DE 8.) On October 2, 2020, Petitioner filed a Notice of Appeal with the U.S. Court of Appeals for the Eleventh Circuit ("***Eleventh Circuit***"), seeking to appeal the Court's Order of Dismissal. (DE 10.)

On October 23, 2020, Petitioner filed a motion for leave to proceed *in forma pauperis* on appeal (DE 13) ("**First IFP Motion**"), which the Court denied because it failed to state an entitlement to redress and did not mention any issues that Petitioner intended to present on appeal (DE 14).  Then, on April 15, 2021, the Eleventh Circuit dismissed Petitioner's appeal for lack of prosecution because he failed to timely pay the appropriate filing and docketing fees.  (DE 19.)  On May 18, 2021, Petitioner filed a Motion to Reopen this Case (DE 24), which the Court denied because it failed to seek relief under any of the enumerated grounds of Rule 60 of the Federal Rules of Civil Procedure (DE 26).

On August 9, 2021, Petitioner filed a second motion to proceed *in forma pauperis* on appeal (DE 27) ("**Second IFP Motion**").  On December 16, 2022, the Court denied the Second IFP Motion because Petitioner failed to show that he previously was unable to pay the appellate filing fee, did not mention any entitlement to redress, and failed to mention any issues that he intended to pursue on appeal.  (DE 35.)  Petitioner has filed two Notices of Appeal (DE 36; DE 38) of the Court's Order denying his Second IFP Motion (DE 35).

Petitioner has now filed the Third IFP Motion, which the Court denies.  Under federal law, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Further, Rule 24 of the Federal Rules of Appellate Procedure states that "a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court . . . .

attach[ing] an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

However, an appeal "may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).  A litigant who seeks appellate review of an issue does so in good faith if the relevant issue is not frivolous from an objective standard.  *See Coppedge v. United States,* 369 U.S. 438, 445 (1962).  An application to proceed *in forma pauperis* is frivolous "if it is without arguable merit either in law or fact." *Napier v. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002).  Nevertheless, a court should allow an arguable claim to proceed, even if it ultimately will be unsuccessful.  *See Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).  Here, Petitioner's Third IFP Motion fails to comply with Rule 24 of the Federal Rules of Appellate Procedure.  Specifically, the Motion: (1) fails to show that Petitioner has previously been unable to pay appellate filing fees; (2) does not mention any entitlement to redress; and (3) fails to mention any of the issues that Petitioner intends to present on appeal.

Finally, Petitioner is cautioned for a second time that his continued, meritless filings are expending unnecessary judicial time and resources.  Consequently, Petitioner is cautioned that his future *pro se* filings in this case may be restricted. This injunctive restriction may be "'necessary and prudent' in order to curb conduct that would impair the rights of other litigants and [this Court's] ability to carry out [its] Article III functions."  *See Simmons v. Warden*, 589 F. App'x 919, 923 (11th Cir. 2014) (per curiam) (citing *Procup v. Strickland*, 792 F.2d 1069, 1071, 1073 (11th Cir. 1986)) (en banc) (per curiam).

Accordingly, after review of the Third IFP Motion and the record, it is **ORDERED AND ADJUDGED** that Petitioner's Third IFP Motion (DE 43) is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>13th</u> day of August, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc:

Joseph Lindon Pollard, *Pro Se*
#502102157
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310

United States Attorney
Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov